U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 30 2015

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| JANICE BENNETT | CIVIL ACTION NO. 15-105 |
|---|---|
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| LIBBEY GLASS, INC. | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Pending before the Court is the Motion To Dismiss submitted by Defendant, Libbey Glass, Inc., which prays for this Court to dismiss all claims brought against it by the Plaintiff, Janice Bennett. [Record Document 4]. Plaintiff is the surviving spouse of a retired employee of Defendant. Record Document 1-3, p. 2. Plaintiff alleges that Defendant withheld retirement benefits allegedly owed to her under Defendant's retirement plan with Plaintiff's deceased husband. Id. at 2–3, 5–6. Plaintiff's claims are brought under the legal theories of breach of contract, fraud, unjust enrichment, detrimental reliance and conversion. Id. at 2–5. Plaintiff seeks damages, specific performance, attorney's fees, and costs. Id. at 6. Upon consideration of the briefs filed by the parties and for the reasons stated below, Defendant's Motion To Dismiss is **GRANTED IN PART, DISMISSING WITH PREJUDICE** Plaintiff's claims related to Libbey Inc.'s Hourly Retirement Plan (the "Libbey Plan").[1] As to Plaintiff's claims which seek benefits from retirement plans existing prior to the effective date of the Libbey Plan, Defendant's motion is **DENIED**.

---

[1] The Libbey Plan is titled "Second Amended and Restated Libbey Inc. Hourly Retirement Plan," referencing Libbey Inc. and not Libbey Glass, Inc., the Defendant. Record Document 4-2, p. 1. However, the Libbey Plan is the retirement plan in place for Libbey Glass, Inc., in Shreveport, Louisiana, as well. Id. at 84.

## I. Factual and Procedural Background

Janice Bennett is the widow of James Bennett and is the Plaintiff in the present suit. Record Document 1-3, p. 2. Plaintiff states that James Bennett was employed by Defendant from 1981 until his retirement on April 10, 2004. Id. James Bennett died on November 20, 2012. Id. Plaintiff requested after James Bennett's death that the benefits under Defendant's retirement plan be paid to her. Id. at 3. Defendant allegedly refused to pay, telling Plaintiff that "she had 'signed her pension away.'" Id.

Plaintiff sought benefits allegedly owed to her under Defendant's retirement plan in a previous suit filed in this Court, asserting state law grounds for relief. Petition at 2, Bennett v. Libbey Glass, Inc., Civil Action No. 13-2377 (W.D. La. July 30, 2013). The petition sought damages, specific performance, and attorney's fees on the theories of breach of contract, fraud, unjust enrichment, and detrimental reliance. Id. This suit was voluntarily dismissed because, as Plaintiff stated in her memorandum opposing Defendant's Motion To Dismiss, such an action "required plaintiff to exhaust administrative remedies . . . ."[2] Record Document 16, p. 3. Plaintiff now claims to have exhausted all administrative remedies, id. at 7, and she seeks relief through the same state law theories as were presented in the original suit. Record Document 1-3,

---

[2] As is discussed infra in Section II(C), the Libbey Plan is a plan subject to the Employee Retirement and Income Security Act ("ERISA"). A suit for payment of benefits allegedly due under a plan covered by ERISA must be made only after all available administrative remedies are pursued. ERISA itself contains no express exhaustion requirement. Wilson v. Kimberly-Clark Corp., 254 F. App'x 280, 285 (5th Cir. 2007). However, the Fifth Circuit has ruled that a "claimant who is denied benefits under an ERISA plan must exhaust all administrative remedies afforded by the plan before instituting litigation for recovery of benefits." Lacy v. Fulbright & Jaworski, 405 F.3d 254, 256 (5th Cir. 2005). Requiring all administrative remedies to be exhausted serves to (1) uphold Congress's desire to have ERISA trustees rather than federal courts be responsible for the actions of plan administrators, (2) provide a clear record of the administrative action, and (3) allow judicial review under the abuse of discretion standard, as opposed to de novo, "to keep from turning every ERISA action, literally, into a federal case." Denton v. First Nat'l Bank of Waco, 765 F.2d 1295, 1300 (5th Cir. 1985); Bourgeois v. Pension Plan for the Emp. of Santa Fe Int'l Corps., 215 F.3d 475, 479 n.4 (5th Cir. 2000).

pp. 2–5. The petition does not seek a review of the administrative process.

Plaintiff's claims are founded upon Plaintiff allegedly being owed benefits under a retirement plan with Defendant. Id. at 2–6. Defendant filed the instant Motion To Dismiss under Federal Rule of Civil Procedure 12(b)(6) on the grounds that the Plaintiff's state law claims for benefits, specific performance, and damages are preempted under ERISA. Record Document 4. The only retirement plan on record, the Libbey Plan, was submitted as an exhibit to Defendant's Motion To Dismiss in order to elucidate for the court the retirement plan referred to by Plaintiff in her petition.[3] Record Document 4-2. When established, the Libbey Plan applied to all current and future full-time and qualifying part-time hourly employees of Libbey Glass, Inc., in Shreveport, Louisiana. Id. at 31-32, 84. The plan took effect June 24, 1993. Id. at 30.

Plaintiff objects to the examination of the Libbey Plan because she claims that the exhibit is beyond the scope of review for a motion brought under Rule 12(b)(6). Record Document 16, pp. 8–9. Plaintiff also claims that (1) the determination as to whether the Libbey Plan is an ERISA plan is not suitable for Rule 12(b)(6) motion practice, (2) the Libbey Plan is not a plan covered by ERISA, and, (3) if the Libbey Plan is determined to be an ERISA covered plan, the claims of the Plaintiff are not preempted. Id. at 15 n.6, 15–20, 21–25. Defendant replied to the opposition to its Motion To Dismiss. Record Document 17. The matter is now before the Court.

**II. Law and Analysis**

A. Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) demands that the plaintiff "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662,

---

[3] See infra Section II(B) for a discussion of the law regarding the Court's consideration of the Libbey Plan.

678, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. The court must accept as true all of the factual allegations in the complaint in determining whether plaintiff has stated a plausible claim. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007); In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2009).

B. Consideration of the Libbey Plan

In considering a motion to dismiss under Rule 12(b)(6), a district court typically limits itself to the contents of the pleadings. See Fed. R. Civ. P. 12(d). If extrinsic evidence is used to make "a determination on a motion to dismiss, a court will convert the motion to dismiss into a motion for summary judgment." Fed. R. Civ. P. 12(b). Such a conversion, however, is not required if the court determines that the exhibits attached to the motion to dismiss are in fact part of the pleadings because the exhibits "are central to the plaintiffs' claims." Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498–499 (5th Cir. 2000). When the plaintiff's complaint references a document that is not attached to the complaint, a district court may consider the document if it is attached to the motion to dismiss and if it is central to the plaintiff's complaint. Id. (citing Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993); Branch v. Tunnell, 14 F.3d 449, 453–54 (9th Cir. 1994); Field v. Trump, 850 F.2d 938, 949 (2d Cir. 1988)).[4] "In so attaching, the defendant merely assists the plaintiff in establishing the basis

---

[4] Similarly to the court in Collins, the Fifth Circuit stated in In Re Katrina Canal Breaches, "because the defendants attached the contracts to their motions to dismiss, the contracts were referred to in the complaint, and the contracts are central to the plaintiffs' claims, we may consider the terms of the contracts in assessing the motions to

of the suit, and the court in making the elementary determination of whether a claim has been stated." Collins, 224 F.3d at 499.

A plaintiff will not be successful in objecting to the consideration of a document attached to a motion to dismiss simply on the grounds that the document was not expressly identified in the plaintiff's complaint. In Wilson v. Kimberly-Clark Corp., the plaintiffs sought severance benefits in their complaint. 254 Fed. Appx. 280, 282 (5th Cir. 2007). The defendants filed a motion to dismiss under Rule 12(b)(6) and attached a copy of an ERISA plan which the defendant said governed the severance benefits sought by plaintiffs. Id. at 284. The plaintiffs contended that the district court should not have considered the severance pay plan attached by the defendant. Id. at 284–85. However, the Fifth Circuit rejected the argument, stating that "[p]laintiffs, by avoiding any mention of a "plan" in the proceedings, could not avoid the fact that the very severance benefits they claimed had been wrongfully denied were disbursed pursuant to a plan." Id. at 286.[5]

In the instant case, Plaintiff's petition relies upon the existence of "a retirement plan with the defendant" for her claims. Record Document 1-3, p. 3. Defendant attached to its Motion To Dismiss the retirement plan applicable to the Libbey location in Shreveport, Louisiana at which Plaintiff's husband worked. Record Document 4-2, p. 31-32, 84. However, Plaintiff objects to

---

dismiss." 495 F.3d 191, 205 (5th Cir. 2007).

[5] A factually similar case is also found in Lawson v. Nokia Siemens Networks U.S. LLC Severance Pay Plan, Civil Action No. 14-814, 2014 WL 7398946, *1 (N.D. TX. Dec. 29, 2014), where the plaintiff sought severance pay under a severance pay plan with his employer, but objected to the court's use of the Severance Pay Plan attached by the defendant to its motion to dismiss. The Court rejected the plaintiff's contention on the grounds that since plaintiff had referenced the severance pay plan and the pay plan was central to plaintiff's claim for severance pay, the plaintiff could not object to the Court reviewing the attached Plan as part of the pleadings. Lawson, *3–4.

the Court's consideration of the Libbey Plan on the grounds that: (1) it does "not fit[] under the rule of incorporation by reference since the defendants' exhibits were not referenced in the petition," (2) the Libbey Plan is irrelevant, and (3) the Libbey Plan lacks a foundation.[6] Record Document 16, pp. 8–9. By avoiding explicitly referencing the Libbey Plan in her petition, but basing her claims upon a retirement plan with Defendant, Plaintiff cannot now conclude that the Libbey Plan is "irrelevant" to her complaint without articulating any factual allegations to show otherwise. Rather than alleging facts regarding the Libbey Plan, the Plaintiff only presents conclusions of law. Record Document 16, pp. 8–9. Accordingly, the Court will consider the Libbey Plan because that retirement plan is "central to the plaintiff's complaint." See Collins, 224 F.3d at 498–499.

C. Application of ERISA to the Libbey Plan

Plaintiff asserts that the determination as to whether a plan is covered by ERISA is a question of fact that should not be resolved on a Rule 12(b)(6) motion. Record Document 16, p. 15 n.6. "Whether ERISA covers the underlying plan is 'a mixed question of fact and law.'" Clayton v. ConocoPhillips Co., 722 F.3d 279, 290 (5th Cir. 2013). However, where the factual circumstances are established as a matter of law or undisputed, we have treated the question as one of law. . . ." Id. Plaintiff's arguments do not present a factual dispute surrounding the terms of the Libbey Plan, but merely conclude that the Court should not treat the plan as part of the pleadings on a 12(b)(6) motion to dismiss because the plan is "irrelevant." Record Document 16,

---

[6] Plaintiff also claims that the Libbey Plan constitutes hearsay. Record Document 16, p. 8. However, an employee benefit plan whose relevance is solely in the fact it was made is not hearsay. Stuart v. UNUM Life Ins. Co. of America, 217 F.3d 1145, 1154 (9th Cir. 2000).

pp. 8–9.[7] As there are not factual disputes over the applicability of the Libbey Plan, the question of whether the Libbey Plan is covered by ERISA is appropriate for resolution on a motion to dismiss.

ERISA applies to those employee benefit plans maintained by employers who are engaged in commerce, industries, or activities affecting commerce which do not fall into an exception outlined in 29 U.S.C. § 1003(a), (b) or (c). ERISA's coverage extends to two types of employee benefit plans: employee welfare benefit plans and employee pension benefit plans. Murphy v. Inexco Oil Co., 611 F.2d 570, 574 (5th Cir. 1980). In Meredith v. Time Ins. Co., the court devised a test "for determining whether a particular plan qualifies as an "employee welfare benefit plan." 980 F.2d 352, 355 (5th Cir. 1993). That test has also been used to examine the ERISA qualifications of an "employee pension benefit plan." Cantrell v. Briggs & Veselka Co., 728 F.3d 444, 448-49 (5th Cir. 2013). To be covered by ERISA, the Meredith test requires a plan to (1) exist, (2) not fall within the safe-harbor provision established by the Department of Labor, and (3) satisfy the primary elements of an ERISA "employee benefit plan." Meredith, 980 F.2d at 355.

In determining whether a plan exists, Meredith stated that the court must "'determine whether from the surrounding circumstances a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits.'" Id. (quoting Donovan v. Dillingham, 688 F.2d 1367, 1373 (11th Cir. 1982)). The Libbey Plan was effective on June 24, 1993. Record Document 4-2, p. 23. The Libbey Plan defines benefits under Article

---

[7] In considering a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007) (quoting Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 2944 (1986)).

VII in a detailed and comprehensive manner.[8] Id. at 41–48. Its descriptions for beneficiaries, financing and the procedures for receiving benefits is similarly extensive.[9] Id. at 31–32, 36–39, 49-64, 82–83. Therefore, the Court finds that the Libbey Plan existed.

As to the safe-harbor provisions, a plan will not qualify as an ERISA plan if all four of the following elements are satisfied: "(1) the employer does not contribute to the plan; (2) participation is voluntary; (3) the employer's role is limited to collecting premiums and remitting them to the insurer; and (4) the employer received no profit from the plan." Meredith, 980 F.2d at 355. According to plan documents, the Libbey Plan was financed purely through employer contributions and no employee contributions were permitted. Record Document 4-2, p. 36. As the first element of the safe-harbor provisions fails, the plan is not subject to the safe-harbor provision. Meredith, 980 F.2d at 355. No inquiry into the other elements' satisfaction is required.

The final prong of the Meredith test is satisfied when (1) an employer established or maintained the plan; and (2) the employer intended to provide benefits to its employees. Id. Plaintiff alleges in her petition that James Bennett worked at Libbey Glass, Inc. Record Document 1-3, p. 2. Libbey Inc. established and was responsible for the maintenance of the Libbey Plan, which was applicable to employees of Libbey Glass, Inc., like James Bennett.

---

[8] "[A] Participant's monthly Normal Retirement Benefit shall be an amount equal to the Annual Credit Factor multiplied by the number of the Participant's Years of Credited Service. . . ." Record Document 4-2, p. 42.

[9] The Libbey Plan defines the full-time and part-time employees who are incorporated as participants in the retirement plan. Record Document 4-2, pp. 31–32. The Libbey Plan states that the plan is financed through contributions made by the employer to the trustees of the plan, that no contributions from employees are permitted, and that the contributions will be used so that the defined benefits can be provided to the plan's eligible participants. Id. at 36. The Libbey Plan also discusses when retirement benefits can be accessed by the Libbey Plan's participants and how those participants are entitled to pursue an administrative claims procedure to pursue those benefits. Id. at 49–64, 82–83.

Record Document 4-2, pp. 68–70, 84. Defendant, Libbey Glass, Inc., demonstrates clearly through the Libbey Plan that it intended to provide benefits to its employees. Id. at 41. Accordingly, the Meredith factors are satisfied, and the Court finds that the Libbey Plan is an employee benefit plan.

As ERISA covers two types of employee benefit plans, welfare and pension, the Libbey Plan must fit into the definition of one of those plans. Murphy, 611 F.2d at 574. An "employee pension benefit plan," is defined by 29 U.S.C. § 1002(2) as any plan

> to the extent that by its express terms or as a result of surrounding circumstances such plan . . .
>   (i) provides retirement income to employees, or
>   (ii) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond,
> regardless of the method of calculating the contributions made to the plan, the method of calculating the benefits under the plan or the method of distributing benefits from the plan.

If an employer's plan either provides retirement income to employees or defers employees' income to their termination or beyond, then that plan is an "employee pension benefit plan." Murphy, 611 F.2d at 575.[10] The Libbey Plan states that it provides retirement income to employees through an employer-financed pension plan, and thus the plan meets ERISA's broad definition of an "employee pension benefit plan." 29 U.S.C. § 1002(2)(A). Record Document 4-2, pp. 36, 41.

D. ERISA Preemption

Defendant seeks the dismissal of Plaintiff's claims on the grounds that they are preempted by ERISA. Record Document 4, p. 1. To determine whether a federal law preempts state law, a

---

[10] See also Tolbert v. RBC Capital Markets Corp., 758 F.3d 619, 621 (5th Cir. 2014); Boos v. AT&T, Inc., 643 F.3d 127, 131 (5th Cir. 2011).

district court must look to the intent of Congress. FMC Corp. v. Holliday, 498 U.S. 52, 56, 111 S. Ct. 403, 407 (1990). The Supreme Court has concluded that the intent of Congress in constructing ERISA was to provide a comprehensive federal scheme for the regulation of employee benefit plans. Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 137–138, 111 S. Ct. 478, 482 (1990). If state law causes of action merely relate to, or have a connection to, an employee benefit plan governed by ERISA, then those common law causes of action are preempted by ERISA. Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 95, 103 S. Ct. 2890, 2900 (1983).

To determine whether, in an ERISA case, state law claims are preempted, the Fifth Circuit has set out the following test: "(1) whether the claim addresses an area of exclusive federal concern (such as the right to receive benefits under an ERISA plan) and (2) whether the claim directly affects the relationship among traditional entities: the plan and its fiduciaries, the employer, beneficiaries, and participants." Nixon v. Vaughn, 904 F. Supp. 2d 553, 561 (W.D. La. Oct. 16, 2012) (citing Hubbard v. Blue Cross & Blue Shield Assoc., 42 F.3d 942, 945 (5th Cir. 1995)). Additionally, if the state law claims are "bound up with interpretation and administration of the ERISA plan," then the claim is likely conflict preempted. Hubbard, 42 F.3d at 947. The Fifth Circuit has found that preemption through ERISA extends as far as state law claims for misrepresentation of plan benefits, wrongful death, and for detrimental reliance.[11] See King v. Bluecross Blueshield of Alabama, 439 F. App'x 386, 389 (5th Cir. 2011); Corcoran v. United Healthcare, Inc., 965 F.2d 1321 (5th Cir.1992), abrogated on other grounds by Rogers v. Hartford

---

[11] The types of claims which are not preempted by ERISA are "run-of-the-mill state-law claims such as unpaid rent, failure to pay creditors, or even torts committed by an ERISA plan." Mackey v. Lanier Collection Agency & Service, Inc., 486 U.S. 825, 833, 108 S. Ct. 2182, 2187 (1988).

Life & Acc. Ins. Co., 167 F.3d 933, 944 (5th Cir.1999).

In her petition, Plaintiff repeatedly refers to her retirement plan with Defendant and states that Defendant has breached that contract in bad faith, fraudulently converting funds owed to Plaintiff under the retirement plan. Record Document 1-3, pp. 2–6. Plaintiff also claims fraud, unjust enrichment and detrimental reliance. Id. at 2. Plaintiff's claims rely upon her being owed retirement benefits under a retirement plan with Defendant. Record Document 1-3, p. 2. After its establishment on June 24, 1993, the retirement plan applicable to Defendant is the Libbey Plan. Record Document 4-2, pp. 1, 84. Because the funds sought by Plaintiff are governed by an ERISA plan, granting the relief sought by Plaintiff would require the Court to evaluate the ERISA plan and determine what benefits Plaintiff is owed. Accordingly, the first prong of the test used in Hubbard is met. The second prong is clearly satisfied as well, because Plaintiff seeks recovery from James Bennett's employer as a beneficiary of the plan. Record Document 1-3, p. 2. Accordingly, all of Plaintiff's state law claims related to the Libbey Plan are conflict preempted by ERISA and must be dismissed.[12]

E. Plaintiff's Claims Unrelated to the Libbey Plan

Plaintiff asserts in her petition that James Bennett worked at Libbey Glass, Inc., since 1981. Record Document 1-3, p. 2. The Libbey Plan was established on June 24, 1993. Record Document 4-2, p. 1. Thus, accepting all factual allegations in Plaintiff's petition as true, there is a gap of approximately twelve years between the time James Bennett began to work for Defendant and when the Libbey Plan was introduced. Owens-Illinois, Inc., appears to have had a

---

[12] Defendant asserts that it is not a proper defendant for an ERISA suit under the Libbey Plan. Record Document 4, p. 9–10. Because the Court dismisses all of Plaintiff's claims relating to the Libbey Plan as preempted, this discussion is pretermitted.

retirement plan, the "OI Hourly Plan," in place at James Bennett's workplace prior to the inception of the Libbey Plan. Id. at 35. The Libbey Plan states that liability for previously accrued benefits under the OI Hourly Plan was passed to Libbey Inc., pursuant to the "Pension Plan and Savings Plan Agreement" between Owens-Illinois, Inc. and Libbey Inc. dated June 17, 1993. Id. Under the Libbey Plan, an employee previously under the OI Hourly Plan would be credited with time employed under the terms of that plan. Id. However, neither the OI Hourly Plan nor the "Pension Plan and Savings Plan Agreement" is before the Court. Thus, the Court cannot determine whether James Bennett was subject to the terms of the OI Hourly Plan, the terms of the OI Hourly Plan itself, or whether the OI Hourly Plan was covered under ERISA.

Under a Rule 12(b)(6) motion, a plaintiff's complaint must only "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). It is a plausible reading of the petition that James Bennett contributed funds to a retirement plan with Libbey Glass, Inc., prior to June 24, 1993, and that those funds were not properly paid to Plaintiff under the terms of that preexisting retirement plan. Accordingly, it is possible that Plaintiff may demonstrate that her claims against Defendant do not relate to the Libbey Plan, but some non-ERISA retirement plan. In that case, her claims would not be preempted by ERISA. Accordingly, Plaintiff's state law claims which may relate to funds deposited with Defendant under a non-ERISA retirement plan prior to June 24, 1993, are not dismissed.

**III. Conclusion**

For the foregoing reasons, Defendant's Motion To Dismiss is **GRANTED IN PART**, **DISMISSING WITH PREJUDICE** the claims presented by Plaintiff against Defendant as they relate to the Libbey Plan. As to Plaintiff's claims which seek benefits from retirement plans

existing prior to the effective date of the Libbey Plan, the motion is **DENIED**.

**THUS DONE AND SIGNED** this 30th day of September, 2015.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE